UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FILED
2017 JUL 18 P 5: 29
U.S. DISTRICT COURT
EASTERN DIST. TENN.
DEPT. CLERK

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | No. 3:17-CR- 82 |
| | ) | |
| RANDALL KEITH BEANE, and | ) | Judges: Varlan/Shirley |
| HEATHER ANN TUCCI-JARRAF | ) | |

### INDICTMENT

The Grand Jury charges as follows:

### COUNTS ONE THROUGH FIVE

### Wire Fraud
### (18 U.S.C. § 1343)

### INTRODUCTION

At all times relevant to this indictment:

1. United States Automobile Association ("USAA") is a financial institution insured by the Federal Deposit Insurance Corporation ("FDIC") with a home office in San Antonio, Texas. USAA offers products in the insurance, banking investing, real estate and retirement arenas.

2. Federal Reserve Bank in New York is a financial institution, located in New York, New York.

3. Whitney Bank is a FDIC insured financial institution with a home office in Louisiana.

4. The defendant, **RANDALL KEITH BEANE**, was a member and account holder at United States Automobile Association ("USAA").

5. The defendant, **RANDALL KEITH BEANE**, did not have an account ending in xxxxx-1135 at the Federal Reserve Bank.

6. All wire transfers discussed herein went through the Automated Clearing House and Fedwire.

7. **HEATHER ANN TUCCI-JARRAF**, is not a duly licensed attorney in the states of Tennessee and Washington authorized to represent others in legal matters.

## THE SCHEME

8. In or around July 2017, **RANDALL KEITH BEANE**, and others known and unknown to the Grand Jury, embarked upon a scheme through which they sought to obtain and access funds that did not belong to them by exploiting the online banking options available through USAA.

9. The scheme involved the use of a valid routing number ending in xxxxx-1452, belonging to Federal Reserve Bank, and a fictitious bank account number ending in xxxxx-1135.

10. It was part of the scheme to make numerous attempts using the valid routing number and fictitious bank account number to purchase jumbo Certificates of Deposit ("CDs") until a transfer was completed.

11. It was further part of the scheme to immediately liquidate the CDs and then transfer proceeds from the CDs to **BEANE'S** personal bank account to purchase assets and pay personal expenses with funds that did not belong to him, including the purchase of a 2017 Entegra Cornerstone 45B; 45 foot diesel motorhome.

12. It was further part of the scheme that **HEATHER ANN TUCCI-JARRAF** purported to be **BEANE'S** attorney in order to induce, coerce and convince certain financial institutions to accept the fraudulently obtained funds for payment of a 2017 Entegra Cornerstone 45B; 45 foot diesel motorhome.

2

## MANNER AND MEANS

13. In furtherance of the scheme, and to accomplish the ends thereof, the defendant, **RANDALL KEITH BEANE**, and others known and unknown to the Grand Jury, used the following means, among others:

   a. Defendant **RANDALL KEITH BEANE** was a member and account holder at United States Automobile Association ("USAA").

   b. The defendant, **RANDALL KEITH BEANE**, did not hold an account ending in xxxxx-1135 at Federal Reserve Bank.

   c. The defendant, **RANDALL KEITH BEANE**, obtained from others known and unknown to the Grand Jury, the valid routing number of Federal Reserve Bank, that is routing number ending in xxxxx-1452.

   d. The defendant, **RANDALL KEITH BEANE** used his mobile device to access his USAA account.

   e. The defendant, **RANDALL KEITH BEANE**, would and did conduct electronic financial transactions, including the purchase and attempted purchase of jumbo CDs through USAA, in which the defendant **RANDALL KEITH BEANE**, falsely represented the funding source by using a fictitious account number, that is account number ending in xxxxx-1135.

   f. The vast majority of CDs the defendant, **RANDALL KEITH BEANE**, attempted to purchase through the scheme were returned as invalid because there was no valid account number entered. However, two CDs were funded by USAA bank and liquidated by the defendant, **RANDALL KEITH BEANE**, before USAA could reverse the transaction.

3

g. The defendant, **RANDALL KEITH BEANE**, would and did use funds fraudulently acquired through the CD purchase scheme to make purchases for his own personal benefit to include the purchase of a 2017 Entegra Cornerstone 45B; 45 foot diesel motorhome.

## EXECUTION OF THE SCHEME

14. The allegations set forth in Paragraphs One through Thirteen are incorporated herein for reference for the purpose of alleging violations of 18 U.S.C. § 1343.

15. On or about the dates set forth below, within the Eastern District of Tennessee and elsewhere, the defendant, **RANDALL KEITH BEANE**, for the purposes of executing and attempting to execute the above-described scheme and artifice to defraud, purchased jumbo CDs with funds that did not belong to him by using routing numbers that did not belong to his accounts and fictitious bank accounts, and in so doing did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, signals and sounds including, without limitation the following:

| COUNT | DATE | DESCRIPTION OF TRANSMISSION |
|---|---|---|
| 1 | 7/6/2017 | BEANE transferred funds he did not own, via wire, using Federal Reserve New York, routing number xxxxx-1452 and fictitious account number ending xxxxx-1135 to purchase CD number xxxxx-4613 in the amount of $500,000. |
| 2 | 7/6/2017 | CD number xxxxx-4613 in the amount of $500,000 was closed and funds in the amount of $499,909.59 were transferred, via wire, to one of **BEANE'S** personal bank accounts at USAA, account number ending in xxxxx-3062. |
| 3 | 7/6/2017 | BEANE transferred funds he did not own, via wire, using Federal Reserve New York, routing number xxxxx-1452 and fictitious account number xxxxx-1135 to purchase CD number xxxxx-4623 in the amount of $999,000. |

4

| COUNT | DATE | DESCRIPTION OF TRANSMISSION |
|---|---|---|
| 4 | 7/6/2017 | CD number xxxxx-4623 in the amount of $999,000 was closed and funds in the amount of $998,819.36 were transferred, via wire, to one of **BEANE'S** personal bank accounts at USAA, account number xxxxx-3062. |
| 5 | 7/7/2017 | **BEANE** transferred the sum of $493,110.68, via wire from **BEANE's** personal account number xxxxx-4026 to Whitney Bank account number xxxxx-4960 belonging to B.G., whose identity is known to the Grand Jury, for the purchase of a 2017 Entegra Cornerstone 45B; 45 foot diesel motorhome. |

All in violation of Title 18, United States Code, Section 1343.

## COUNT SIX

### BANK FRAUD
### (18 U.S.C. § 1344)

16. The allegations contained above in Paragraphs One through Fifteen are incorporated herein by reference for the purpose of alleging a violation of Title 18, United States Code, Section 1344.

17. From on or about July 5, 2017, continuing through at least on or about July 11, 2017, in the Eastern District of Tennessee, for the purpose of executing the scheme described above, the defendant, **RANDALL KEITH BEANE**, devised a scheme to defraud financial institutions and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of financial institutions by means of false and fraudulent pretenses, representations, and promises, executed and attempted to wit, to purchase Certificates of Deposit with money that did not belong to him, without permission or authority, alter the financial instruments, and liquidate the CDs at and through financial institutions in order to obtain money and property fraudulently and for defendant's own use and benefit.

All in violation of Title 18, United States Code, Section 1344.

5

## COUNT SEVEN

### CONSPIRACY TO COMMIT MONEY LAUNDERING
### (18 U.S.C. § 1956(h))

18. The allegations contained above in Paragraphs One through Seventeen are incorporated herein by reference for purpose of alleging conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h).

19. The Grand Jury further charges that in on or about July 2017, in the Eastern District of Tennessee and elsewhere, the defendants **RANDALL KEITH BEANE** and **HEATHER ANN TUCCI-JARRAF,** did unlawfully and knowingly combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury to commit certain offenses against the United States, in violation of Title 18, United States Code, Sections 1956 and 1957, as follows:

    a. knowingly conducting and attempting to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, (wire fraud, bank fraud), in violation of Title 18, United States Code, Sections 1343 and 1344, with the intent to promote the carrying on of a specified unlawful activity, that is bank and wire fraud, and that while conducting such financial transactions knew that the property involved in the financial transactions represented the proceeds for some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

    b. knowingly conducting and attempting to conduct financial transactions affecting interstate commerce, which involved the proceeds of specified unlawful activity, that is: (1) wire fraud in violation of 18 U.S.C. § 1343 and (2) bank fraud in violation of 18 U.S.C. § 1344, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew

6

that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

   c. knowingly engaging and attempting to engage in monetary transactions by, through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is (1) wire fraud in violation of 18 U.S.C. § 1343; and (2) bank fraud in violation of 18 U.S.C. § 1344, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATIONS

20. The allegations contained in Counts One through Seven of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 982(a)(1), 982(a)(2) and 28 U.S.C. § 2461.

21. Pursuant to 18 U.S.C. § 982(a)(2), upon conviction of any offense in violation of 18 U.S.C. §§ 1344, 1343, and any defendant so convicted shall forfeit to the United States any property, real or personal, constituting or traceable to the proceeds of any violation of 18 U.S.C. §§ 1344, 1343, including but not limited to the following property:

a. 2017 Entegra Cornerstone 45B; 45 foot diesel motorhome; VIN # 4VZVU1E94HC082752; topaz in color with eight wheels ("motorhome"); and

b. A personal money judgment in favor of the United States and against the defendant, **RANDALL KEITH BEANE**, in the amount of $553,749.99, which represents the proceeds the defendant personally obtained, directly or indirectly, as a result of the criminal violations of 18 U.S.C. §§ 1343; and 1344.

22. Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of an offense in violation of 18 U.S.C. 1956(h), any defendant so convicted shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property, including but not limited to the following property:

7

a. 2017 Entegra Cornerstone 45B; 45 foot diesel motorhome; VIN # 4VZVU1E94HC082752; topaz in color with eight wheels ("motorhome").

23. Pursuant to Title 21, United States Code, Section 853(p), the defendants shall forfeit substitute property, up to the value of the property subject to forfeiture, if by any act or omission of any of the defendants, said property, or any portion thereof:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred, sold to, or deposited with a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461.

A TRUE BILL:

Signature Redacted
FOREPERSON

NANCY STALLARD HARR
UNITED STATES ATTORNEY

CYNTHIA F. DAVIDSON
ANNE-MARIE SVOLTO
Assistant United States Attorneys