IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

```
_____
                                )
UNITED STATES OF AMERICA,        )
                                 )
          Plaintiff,             )
                                 )
vs.                              )    Case No.:  3:17-CR-82
                                 )
HEATHER ANN TUCCI-JARRAF,         )
                                 )
          Defendant.             )
_____ )
```

**ELECTRONICALLY RECORDED**
**INITIAL APPEARANCE AND ARRAIGNMENT PROCEEDINGS**
**BEFORE THE HONORABLE H. BRUCE GUYTON**

**August 24, 2017**
**2:35 p.m. to 3:00 p.m.**

**APPEARANCES:**

**FOR THE PLAINTIFF:**            CYNTHIA F. DAVIDSON, ESQUIRE
                                  ANNE-MARIE SVOLTO, ESQUIRE
                                  Assistant United States Attorney
                                  United States Department of Justice
                                  Office of the United States Attorney
                                  800 Market Street
                                  Suite 211
                                  Knoxville, Tennessee 37902

**FOR THE DEFENDANT:**           HEATHER ANN TUCCI-JARRAF, PRO SE
                                  105 Orchard Lane
                                  Oak Ridge, Tennessee 37830

**ALSO PRESENT:**                FRANCIS L. LLOYD, JR., ESQUIRE
                                  Law Office of Francis L. Lloyd, Jr.
                                  9111 Cross Park Drive
                                  Suite D-200
                                  Knoxville, Tennessee 37923

**REPORTED BY:**
Rebekah M. Lockwood, RPR, CRR
Official Court Reporter
(865) 210-6698
P.O. Box 1823

1          (Call to Order of the Court)

2                THE COURTROOM DEPUTY:  Case No. 3:17-CR-82, United

3     States of America versus Heather Ann Tucci-Jarraf.

4                Here on behalf of the defendant is Francis Lloyd.

5                Is counsel for the defendant present and ready to

6     proceed?

7                MR. LLOYD:  Ready to proceed, Your Honor, but I'm not

8     yet counsel for this defendant.

9                THE COURT:  Thank you.

10               THE COURTROOM DEPUTY:  Here on behalf of the

11    government is an Anne-Marie Svolto and Cynthia Davidson.

12               Is counsel for the government present and ready to

13    proceed?

14               MS. SVOLTO:  Yes, Your Honor.

15               THE COURT:  Good afternoon, counsel, Ms. -- hold on a

16    minute.  I want to make sure I say your name correctly.

17    Tucci-Jarraf, Jarraf?

18               How do you pronounce your last name?

19               THE DEFENDANT:  I'm here as special appearance, and

20    you spell it -- or sound it out Tucci-Jarraf.

21               THE COURT:  Tucci-Jarraf.  I was close.  This

22    proceeding is going to be the initial appearance and the

23    arraignment hearing for you with regard to an indictment which

24    was filed on July 18th this year by the grand jury for the

25    Eastern District of Tennessee.

                        UNITED STATES DISTRICT COURT

1          The indictment brings several counts or charges.  And

2     the purpose of this proceeding today is to do several things:

3     Discuss with you whether or not you're going to be represented

4     by counsel in this matter, whether or not you have received the

5     indictment, whether you've had a chance to review the

6     indictment, and whether you understand the charges that have

7     been brought against you in this case.

8          The Court is going to review your rights with you,

9     and then we're going to discuss the schedule that is in place

10    for this case, which was established during the preliminary

11    hearings regarding the codefendant, Mr. Beane.

12         Before we can begin with any of that, the Court is

13    required to ask you some questions just to make sure that

14    you're not going to have any difficulty hearing and

15    understanding what we're doing in court today.  These questions

16    need to be answered under oath or affirmation.

17         Would you please stand and raise your right hand to

18    be sworn.

19         MR. LLOYD:  Your Honor, may I -- may I be heard a

20    moment on behalf of this accused individual?

21         THE COURT:  Yes.  Do you want to go come to the

22    podium, so we can get you on the sound machine?  You can -- you

23    can be -- do you want to come up with Counsel?

24         THE DEFENDANT:  Thank you.

25         MR. LLOYD:  I take it a record is being made of

                          UNITED STATES DISTRICT COURT

1    this -- of this proceeding?

2           THE COURT:  Everything we're saying is being

3    recorded, as we always do at every hearing.

4           MR. LLOYD:  Yes, Your Honor.

5           This accused person has previously filed, I believe,

6    in the District Court for the District of Columbia a motion

7    challenging jurisdiction, which I have not seen.  That was

8    while this accused individual was represented or putatively

9    represented by other counsel.

10          And if I understand her position correctly, she is --

11   she is insisting that the questions of jurisdiction be

12   addressed first before any plea be entered and before any other

13   action is taken.  Is that correct?

14          THE DEFENDANT:  If I might address Your Honor.  In

15   D.C., he is correct, he stated true, accurate, and complete

16   that I did challenge jurisdiction.  I gave my duly sworn

17   declaration of identification, authority, jurisdiction,

18   addendum of law, and it was completely ignored in D.C., saying

19   that they were going to move forward on identification hearing.

20          However, with the challenge to jurisdiction and

21   authority, no identification could be heard, no identification

22   hearing could be heard.

23          At that time, that's when the federal defender was

24   assigned with my objection, that he was assigned, and he tried

25   to establish with the court per constitution that I supposedly

UNITED STATES DISTRICT COURT

1    had the right to have -- you know, to defend myself.

2            My whole point is, is that there was no -- there was

3    a solid and due challenge to whether or not the court had

4    jurisdiction and authority to even hear the case or to be

5    presented with the case.  And the prosecution refused to

6    present any response to that.

7            And all of that was actually filed into this court

8    case as well in preparation for my appearance here by special

9    appearance, and I haven't received any kind of response

10   whatsoever.

11           It was very difficult because I was transferred -- I

12   was held without any kind of arraignment or anything else for

13   almost 30 days.  So this is the first time that I've arrived,

14   and I've only arrived a couple hours ago.  I've only just now

15   spoken with Mr. Lloyd and explained to him I am maintaining

16   that the state has no jurisdiction and authority to even bring

17   these charges against me, and that this Court does not have the

18   authority and jurisdiction to even hear this case.

19           THE COURT:  So you want to have a jurisdiction

20   hearing?

21           THE DEFENDANT:  Yes, sir.

22           THE COURT:  All right.  Well, you certainly can have

23   a jurisdiction hearing.  We just -- a few things that we need

24   to make sure that are on the record, and that is that we've

25   complied with the rule -- the rules for initial appearance.

UNITED STATES DISTRICT COURT

1    If you want to reserve entry of a plea and not do

2  that today, that's fine.

3    THE DEFENDANT:  I would -- at this -- at this point,

4  due to the fact it's still -- there is no jurisdiction

5  authority to even ask that question, but I do reserve all my

6  rights as it was filed into this case to make any kind of plea,

7  if I choose to after the fact, after we've gone through

8  jurisdiction and --

9    THE COURT:  Okay.

10    THE DEFENDANT:  -- and authority.

11    THE COURT:  That's fine.  I'm not going to say you

12  have to enter a plea today.

13    THE DEFENDANT:  Uh-huh.

14    THE COURT:  I would like to be able to note on -- I

15  know you had a initial appearance in Washington.  We're

16  required to do one here.

17    THE DEFENDANT:  Yes, sir.

18    THE COURT:  I would like to be able to note for our

19  records that you have received the indictment in this case,

20  you've had a chance to read the indictment, and that you

21  understand the charges that have been brought against the

22  person named in the indictment, whether it's you or not.

23    THE DEFENDANT:  Mr. -- Mr. Lloyd handed me a copy

24  here when we just arrived.  We've had a few minutes to go

25  over -- I'm not sure exactly how long we had, maybe ten minutes

UNITED STATES DISTRICT COURT

1    to be able to go over just the initial talk.

2           I have not read the indictment since we've been

3    sitting here, so I make that as part of the public record.

4           THE COURT:  All right.  Let me ask you this question

5    then.  Do you -- are you going to want to ask the Court to

6    appoint Mr. Lloyd as defense counsel in this case?

7           THE DEFENDANT:  I reserve the right to make that

8    decision after we've made a determination on whether this Court

9    has jurisdiction.

10          THE COURT:  So you don't want a lawyer to represent

11   you on a jurisdictional hearing?

12          THE DEFENDANT:  What I would like to do is, I'm going

13   to be presenting as myself in this hearing.  I am very

14   familiar -- I have a background, which I'm sure, if you have

15   the -- read the D.C. hearings, has been established that I'm

16   competent and conscious to be able to present as myself.

17          THE COURT:  Okay.  So you want to represent yourself?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  All right.

20          THE DEFENDANT:  I will -- I am representing as self,

21   yes.

22          THE COURT:  Okay.  You're representing as self.  So

23   you don't want the Court to appoint legal counsel for you?

24          THE DEFENDANT:  I will reserve at this time until we

25   have the matter, but for the hearing, the purpose of

                        UNITED STATES DISTRICT COURT

1  jurisdiction, I am going to actually be hiring him as a private

2  consultant to be able to assist me to prepare for the

3  jurisdiction hearing.

4          THE COURT:  Okay.  So you're going to retain --

5  you're going to retain Mr. Lloyd.

6          THE DEFENDANT:  Yes, that's the intention.

7          MR. LLOYD:  Your Honor, we have not reached any

8  agreement about retaining --

9          THE DEFENDANT:  No, not yet.

10         THE COURT:  I understand.

11         THE DEFENDANT:  We've only had a few minutes --

12         THE COURT:  I'm just trying to find out what we can

13  do today.

14         THE DEFENDANT:  I have my teams that are here.

15         THE COURT:  But I need to at least make sure you're

16  here --

17         THE DEFENDANT:  Yes.

18         THE COURT:  -- because of this indictment, that

19  you've at least received the indictment.  Although you say you

20  haven't read it, we can agree you've received it?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  You are talking with Mr. Lloyd, who's a

23  lawyer?

24         THE DEFENDANT:  Yes.

25         THE COURT:  And you're going to reserve entry of a

                    UNITED STATES DISTRICT COURT

1    plea today?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Mr. Lloyd can get a copy of the schedule

4    in this case, and so he'll have that, because your -- this case

5    is set for trial --

6              THE DEFENDANT:  I --

7              THE COURT:  There's a schedule.

8              THE DEFENDANT:  -- do not know, Your Honor.  I

9    haven't received any information.  I didn't even know we were

10   having an arraignment today.  I've arrived just now from

11   Georgia.  My teams are actually here, my legal teams, and we

12   just didn't know that there was a hearing today.  So we have a

13   court stenographer and everything to come in and make a true

14   and accurate record.

15             THE COURT:  So you are asking the Court to not take

16   any other action today, but to schedule a jurisdiction hearing

17   and initial appearance for you when, next week?  When -- how --

18   when will you be ready for your initial appearance --

19             THE DEFENDANT:  Well, first --

20             THE COURT:  -- to be concluded?

21             THE DEFENDANT:  Yes.  First, Mr. Lloyd and I would

22   have to come to some agreement, as far as the private

23   consultant and fees and et cetera.  So I have to be able to

24   reach my teams.  My teams are here.  I don't have any -- so I

25   guess I would inquire at this time whether the Court is open to

                    UNITED STATES DISTRICT COURT

1    letting me meet with my teams and Mr. Lloyd.  That was the

2    biggest issue in D.C. was I didn't have access to Mr. Bos, who

3    is the federal defender --

4              THE COURT:  You want to ask the Court to release you?

5              THE DEFENDANT:  To release me, but I will stay in

6    this area.  And I --

7              THE COURT:  All right.  I can't take up --

8              THE DEFENDANT:  My teams have my passport.

9              THE COURT:  I can't take up that issue until we've

10   completed the initial appearance and arraignment.

11             THE DEFENDANT:  Okay.

12             THE COURT:  Hold on a minute.  You want to talk to

13   her for a minute?  I need to check on the schedule.

14             Ms. Cynthia Davidson, what's your calendar Monday?

15             MS. SVOLTO:  We're available Monday, Your Honor, any

16   time.

17             MS. DAVIDSON:  I would ask, are we going to be

18   required to respond -- Your Honor, are we going to be required

19   to respond to whatever document --

20             THE COURT:  No.

21             MS. DAVIDSON:  Oh, okay.

22             THE COURT:  No.  This is Magistrate Judge Shirley's

23   case.  He needs to have a status conference with all the

24   parties.  He needs to find out what the issues are.

25             MS. DAVIDSON:  We're available all day.

                    UNITED STATES DISTRICT COURT

1          THE COURT:  All right.  Okay.

2          All right.  Mr. Lloyd, any comment on that?

3          THE DEFENDANT:  Your Honor, I just have one question

4    for him, regarding today's hearing to see about proceeding,

5    just for -- if I might have two minutes.

6          THE COURT:  Yeah.  Okay.  Just have a couple of

7    minutes, because --

8          THE DEFENDANT:  Thank you.

9          THE COURT:  -- we're on a schedule, and we're going

10   to stay on it.

11         THE DEFENDANT:  Thank you.  Your Honor, may we

12   approach, please?

13         THE COURT:  What?

14         THE DEFENDANT:  May we approach?

15         THE COURT:  No.

16         THE DEFENDANT:  We believe that we'll go ahead and

17   just enter a plea today and handle the matter of jurisdiction

18   later.

19         THE COURT:  Okay.

20         THE DEFENDANT:  Reserve that right.

21         THE COURT:  Okay.  Well, let's proceed on with the

22   initial appearance.  This will just take a few minutes.

23         THE DEFENDANT:  That's fine.  Thank you.

24         MR. LLOYD:  Your Honor, I'm sorry, I didn't hear the

25   Court's last question.

                    UNITED STATES DISTRICT COURT

1          THE COURT:  I wanted to know how you wanted to

2    proceed today.  But the defendant has indicated she wants to

3    proceed with the initial appearance and arraignment.

4          MR. LLOYD:  Yes, Your Honor.

5          THE COURT:  Okay.

6          MR. LLOYD:  And I thought Your Honor was asking about

7    another date on which to hear something.

8          THE COURT:  Well, I'll have Judge Shirley do that

9    then.  If we can get through this initial appearance and

10   arraignment, I'll try to set a -- I will try to set that for

11   Judge Shirley.  But I really need to get through this first.

12         MR. LLOYD:  Understood, Your Honor.

13         THE COURT:  All right.

14         MR. LLOYD:  And this -- this defendant does wish the

15   Court to understand that by entering into a plea of not guilty,

16   she will not be waiving her right to challenge jurisdiction.

17         THE COURT:  All right.  That's fine.

18         Okay.  Your full name, please.

19         THE DEFENDANT:  Heather Ann Tucci-Jarraf.

20         THE COURT:  What?  What?  You didn't get finished?

21         I understood that you were answering these questions

22   under affirmation to tell the truth.  Is that correct?  Or do

23   you need to be sworn in again?

24         THE DEFENDANT:  I swear to speak true, accurate, and

25   complete.

1          THE COURT:  All right.  Thank you.

2          THE DEFENDANT:  Thank you.

3          THE COURT:  Your full name, please?

4          THE DEFENDANT:  Heather Ann Tucci-Jarraf.

5          THE COURT:  Okay.  And your age, please?

6          THE DEFENDANT:  Forty-five.

7          THE COURT:  And how far did you go in school, please?

8          THE DEFENDANT:  Juris doctorate.

9          THE COURT:  Are you having any difficulty reading or

10   writing today for any reason?

11          THE DEFENDANT:  No, sir.

12          THE COURT:  Are you taking any medications today?

13          THE DEFENDANT:  No, sir.

14          THE COURT:  Are there any medications you think you

15   should be taking that you're not taking?

16          THE DEFENDANT:  No, sir.

17          THE COURT:  I know you've conferred with Mr. Lloyd,

18   who is an attorney in this area.  Are you having any problems

19   communicating with him today for any reason?

20          THE DEFENDANT:  No, sir.  I'd just like to make

21   clear, though, he's here until we can reach some agreement

22   for -- for representation on -- for this hearing only.

23          THE COURT:  All right.  I've noted that in the

24   record --

25          THE DEFENDANT:  Thank you.

                  UNITED STATES DISTRICT COURT

1          THE COURT:  -- that he is not retained.  He is just

2     here in an advisory capacity today.

3          THE DEFENDANT:  Thank you, sir.

4          THE COURT:  It appears you've been able to hear and

5     understand everything the Court has said.  Is that correct?

6          THE DEFENDANT:  That's correct.

7          THE COURT:  All right.  Very well.  The Court finds

8     that the defendant is competent to proceed in this matter

9     today.  And based on that finding, the Court is going to review

10    with the defendant her rights in this matter.

11         As I stated, the indictment brings certain charges

12    against you.

13         With regard to those charges, you do have the right

14    to remain silent.  That is your Fifth Amendment right against

15    self-incrimination.  That means you do not have to make any

16    statements to anyone about this case, and you don't have to

17    answer any questions from anyone about this case.

18         However, if you decide you want to waive or give up

19    your right to remain silent and you decide to make statements,

20    or answer questions about the charges that have been brought

21    against you, anything you say could be used against you in

22    court.

23         Do you understand that?

24         THE DEFENDANT:  I do.

25         THE COURT:  You also have the right to be represented

                    UNITED STATES DISTRICT COURT

1   by a lawyer in this case.  You have the right to hire an

2   attorney of your own choosing.

3           If you cannot afford to hire an attorney and you wish

4   the Court to appoint the lawyer for you, you have the right to

5   make that application to the Court.

6           Do you understand that as well?

7           THE DEFENDANT:  I do.

8           THE COURT:  If you have an attorney representing you

9   in this case, you will have the right to have that lawyer with

10  you whenever you are questioned by law enforcement authorities

11  about this case.

12          You will have the right to have your lawyer with you

13  whenever you are in court.

14          And you'll have the right to meet with your lawyer to

15  discuss this case with your lawyer before you appear in court

16  again.

17          Do you understand all of these rights?

18          THE DEFENDANT:  I do.  Thank you.

19          THE COURT:  Do you have any questions you want to ask

20  the Court about these rights I've just gone over before we go

21  any further today?

22          THE DEFENDANT:  I just ask that the -- to clarify,

23  the Court clarify that they are acknowledging my -- my

24  challenge to jurisdiction and authority, so therefore, my

25  rights regarding that matter are still reserved?

                    UNITED STATES DISTRICT COURT

1     THE COURT:  I will acknowledge that.  And I'm going

2 to ask the deputy clerk to specifically put in the minutes that

3 you asserted a right to challenge jurisdiction over your person

4 in this court.

5     THE DEFENDANT:  Thank you.

6     THE COURT:  All right.  Now, also with regard to

7 representation of counsel, I assume we're reserving that

8 decision at this time?

9     THE DEFENDANT:  I am, sir, until I can speak to

10 Mr. Lloyd at greater length.

11     THE COURT:  Okay.

12     THE DEFENDANT:  Thank you.

13     THE COURT:  And you have the indictment, but you have

14 not had a chance to review the indictment?

15     THE DEFENDANT:  I actually am -- have looked through

16 it just briefly, Your Honor.  It looks to be the same one that

17 was on PACER in this case, the one that I have filed an actual

18 cancelation of the true bill to begin with.

19     So I am aware and I believe it's the one that I read

20 if -- unless the state wants to say that they've changed it

21 since they filed it originally.

22     THE COURT:  Okay.  So you're aware of the contents?

23     THE DEFENDANT:  Yes, I am.

24     THE COURT:  All right.  Very well then.  Is the

25 government -- the same indictment filed in D.C., correct, or --

UNITED STATES DISTRICT COURT

1          MS. SVOLTO:  It is.

2          THE COURT:  -- it was presented in D.C.?

3          What is the government's position regarding range of

4    penalty under these charges, please?

5          MS. SVOLTO:  The range of penalty, Ms. Tucci-Jarraf,

6    if convicted, would face a maximum term of 20 years

7    imprisonment, a fine of $500,000 or twice the value of the

8    property involved in the financial transaction, and a

9    three-year maximum term of supervised release.

10          THE COURT:  All right.  And you probably heard that

11    same statement in Washington, D.C., but did you --

12          THE DEFENDANT:  No, I did not.

13          THE COURT:  Did you hear that statement as made by

14    the government?

15          THE DEFENDANT:  I've heard it now from -- I'm sorry,

16    I don't remember her name.  But I have heard it from the state.

17    Thank you.

18          THE COURT:  Okay.  Very well.  The Court finds that

19    the defendant has received a copy of the indictment.  She's

20    familiar and understands the contents therewith.  And the

21    government has formally advised her as to its position

22    regarding the potential range of penalty in this matter.

23          All right.  Based on those findings, then, we've come

24    to the point in the proceeding where I would ask you if you

25    would like to enter a plea.

UNITED STATES DISTRICT COURT

1        And would you like to enter a plea at this time?

2        THE DEFENDANT:  I will enter a plea of not guilty at

3   this time, yet still reserving and asking the Court to

4   acknowledge, yet again, my challenge to jurisdiction and

5   authority of this Court to hear this matter.

6        THE COURT:  Very well.  The Court is going to accept

7   and enter the not-guilty plea on behalf of the defendant

8   reserving the defendant's right to still contest jurisdiction

9   of this Court.

10       Based on the entry of the not-guilty plea, these

11  charges are going to join with the charges of the codefendant

12  and proceed according to the scheduling order that has been

13  entered in this case.

14       And in case you don't have a copy of it, I will just

15  advise you that the order that was entered on July 27th sets a

16  trial date in this case of October 3.

17       And, of course, Mr. Lloyd, if you want to get a copy

18  of that before you leave, but the current trial date in this

19  case is October 3 before District Judge Varlan.

20       There is a pretrial conference set on September 13th

21  at 9:00 o'clock before Judge Shirley.  September --

22  September 13th at 9:00 o'clock.

23       And should it become -- should it become -- should it

24  become your intention to file additional motions, the deadline

25  for filing motions actually is today.

1    Mr. Lloyd, you might want to ask your client if she

2  wants to move for an extension of time to file motions.

3    MR. LLOYD:  Your Honor, I --

4    THE COURT:  I'm sorry, not your client.

5    Do you want the Court to give you another week to

6  cover this -- for filing of motions to get you through what is

7  going to be a hearing with Judge Shirley next week?

8    THE DEFENDANT:  Yeah.  I haven't received any

9  discovery, so I'm not a -- at a disadvantage here.  Like I

10  said, I've been transferred around for four weeks without any

11  arraignment whatsoever and no discovery and no access to the

12  state file.

13    So I'm going to at this time respectfully ask that

14  the Court set that date out so that I might have the ability to

15  receive discovery and make any motions in a timely manner.

16    THE COURT:  Okay.  The Court is going to set a new

17  motion filing deadline for this person of September the 8th.

18    THE DEFENDANT:  Thank you.

19    THE COURT:  And then any -- that can be taken -- if

20  there's more dead -- if deadlines need to be moved, they can be

21  taken up with Judge Shirley at pretrial conference on the 13th.

22  Right?  Right.

23    THE DEFENDANT:  Sorry, Your Honor.  Did you say

24  September 8th?

25    THE COURT:  8th.

UNITED STATES DISTRICT COURT

1          THE DEFENDANT:  Okay.

2          THE COURT:  8.

3          THE DEFENDANT:  Thank you.

4          THE COURT:  All right.  It's the Court's

5     understanding there was no detention hearing in D.C.

6              Is the government asking for detention of this

7     defendant?

8          MS. SVOLTO:  We are, Your Honor, based on risk of

9     flight.

10         THE COURT:  Okay.  All right.  The government is

11    asking for you to be detained pending further proceedings in

12    this case.

13             Are you going to be requesting a detention hearing,

14    that is to say a hearing to request release?

15         THE DEFENDANT:  Yeah.  I'm requesting release on

16    personal recognizance, based on the fact there's lack of

17    history of criminal activity.  I've never -- this is a

18    first-time charge, and the actual filings establish that, if

19    anything, I am -- I have a history of stopping money

20    laundering, let alone never committing it, so --

21         THE COURT:  So you want to have a hearing?

22         THE DEFENDANT:  Yeah.

23         THE COURT:  Okay.  How long does the government need

24    to get ready for that?  Can you do it -- get ready by Monday or

25    Tuesday?

                    UNITED STATES DISTRICT COURT

1          MS. SVOLTO:  Yes.  We need three days.

2          THE COURT:  Okay.  The government is entitled to a

3    certain minimum time before they have that hearing.  I was

4    going to try to schedule something in this case on Monday at

5    1:30 with Judge Shirley.

6          THE DEFENDANT:  I do have a request, Your Honor.  I

7    have no -- no argument to having electronic monitoring or

8    anything like that with the order.  I've never had a flight or

9    a failure to appear in any court matter.

10         I am expecting to stay here until this matter is

11   resolved.

12         I do have primary residence in Boston, Mass -- or

13   Lynn, Massachusetts with four children and a husband.  I have

14   significant ties to the U.S.  I'm not going anywhere, as this

15   is a matter of public interest for everyone involved, so --

16         THE COURT:  Well, that is a decision that Judge

17   Shirley will make.  This is his case.

18         THE DEFENDANT:  Uh-huh.

19         THE COURT:  And that's why I want to get you in front

20   of him as soon as possible.

21         Which would be -- I don't know.  Can y'all be ready

22   Monday afternoon or do you need Tuesday?

23         MS. SVOLTO:  Tuesday would be better, Your Honor.

24         THE COURT:  Let me see what he has.  That's also

25   going to be a -- generally a status conference.  He will want

                    UNITED STATES DISTRICT COURT

1    to talk to you also about representation.

2              THE DEFENDANT:  I'm sure.  Thank you.

3              THE COURT:  He has a 9:00 and a 2:30.  What's the

4    2:30?

5              MS. DAVIDSON:  Codefendant.

6              THE COURT:  What?

7              MS. DAVIDSON:  It's the codefendant.

8              THE COURT:  At 2:30?

9              MS. DAVIDSON:  We were hoping to keep them apart,

10   but --

11             THE COURT:  Do you want to do 1:30 or 10:30 on

12   Tuesday?

13             MS. SVOLTO:  10:30 is fine, Your Honor.

14             THE COURT:  Let's see if Mr. Lloyd would be

15   available.

16             MR. LLOYD:  Is that 10:30 on the 29th, Your Honor?

17             THE COURT:  Yes, sir.

18             MR. LLOYD:  Yes, sir, that's fine.

19             THE COURT:  All right.  I appreciate you making

20   accommodations for the Court, Mr. Lloyd.  I know it's on short

21   notice for your schedule.

22             All right.  Very well then.  The Court is going to

23   set a status conference, detention hearing.

24             And at that time, there will be a hearing set on this

25   jurisdictional question, I believe.

                    UNITED STATES DISTRICT COURT

1                    But in any event, 10:30 on Tuesday morning.

2                    In the meantime, the Court is going to enter the

3      appropriate order of detention in this case, and this defendant

4      will remain in custody pending the hearing on Tuesday.

5                    Anything else from the government today on this

6      matter?

7                    MS. SVOLTO:  No.  Thank you, Your Honor.

8                    THE COURT:  No.

9                    Anything else?

10                   THE DEFENDANT:  I just need to make sure Mr. Lloyd

11     has contact numbers for my teams, and I'm --

12                   THE COURT:  Okay.  Well, he can come downstairs and

13     talk to you more, I believe.

14                   THE DEFENDANT:  Come downstairs.  Thank you.

15                   THE COURT:  Can he?  Okay.  All right.

16                   He's going to take -- Judge Shirley will take that up

17     with them.  You hold onto it.

18                   Mr. Lloyd, will you hold onto that waiver of counsel

19     in case she decides to go that route?

20                   THE DEFENDANT:  We have it.

21                   MR. LLOYD:  Ms. Tucci has it, Your Honor.

22                   THE COURT:  Okay.  Thank you.  Appreciate it.  Thanks

23     for being here, Mr. Lloyd.  I appreciate it.

24                   MR. LLOYD:  Yes, Your Honor.

25                   THE COURT:  Thank you.

                           UNITED STATES DISTRICT COURT

1          THE COURTROOM DEPUTY:  All rise.  This honorable

2    court stands adjourned.

3          (Proceedings adjourned.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT

**CERTIFICATE OF REPORTER**

STATE OF TENNESSEE

COUNTY OF KNOX

        I, Rebekah M. Lockwood, RPR, CRR, do hereby certify that I was authorized to and did stenographically transcribe the foregoing electronically recorded proceedings; and that the foregoing pages constitute a true and complete computer-aided transcription of my original stenographic notes to the best of my knowledge, skill, and ability.

    I further certify that I am not a relative, employee, attorney, or counsel of any of the parties, nor am I a relative or employee of any of the parties' attorney or counsel connected with the action, nor am I financially interested in the action.

    IN WITNESS WHEREOF, I have hereunto set my hand at Knoxville, Knox County, Tennessee this 2nd day of November, 2017.

REBEKAH M. LOCKWOOD, RPR, CRR
Official Court Reporter
United States District Court
Eastern District of Tennessee