*Original Instrument*
Notice to Principal is Notice to Agent
Notice to Agent is Notice to Principal
Duly rejected, without dishonor, for due cause. Lacks due
verification and validation of presenters due: 1. Identification;
2. Authority; 3. Authorization; and 4. Indorsement.
See also: Documents 18, 19, 25, 42, 43,
45, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57,
64, 65, 66, 71, 72, 73, 74, 75, 76, all restated and
incorporated by reference, as if set forth in full.
1-11-18
Heather Ann Tucci-Jarraf

[left margin:] *Political violence* *E.D. 13/5/18 Document 74* documents, issues, remedies and imported by reference, as if set forth in full, as to those takings and entries, and individuals/actors and actors of foreign interests and actors who have found, continue to commit, corruption, collusion, subversion, terrorism, and trafficking, and other offenses of rights. That all parties of public record.

[right of caption:] Duly rejected, without dishonor, for due cause.
1-11-18
Heather Ann Tucci-Jarraf

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

FILED
2018 JAN 11 P 3:40
U.S. DISTRICT COURT
EASTERN DIST. TENN.
_____ DEPT. CLERK

UNITED STATES OF AMERICA )
)
v. ) 3:17-CR-82
) Judges Varlan/Shirley
RANDALL KEITH BEANE, and )
HEATHER ANN TUCCI-JARRAF )
)

## UNITED STATES OF AMERICA'S MOTION *IN LIMINE*
## TO PROHIBIT JURISDICTION ARGUMENT

The United States of America, by and through J. Douglas Overbey, United States Attorney for the Eastern District of Tennessee, hereby respectfully requests under Federal Rule of Evidence 401, 402 and 403 that the Court grant its First Motion *in Limine* to prohibit evidence relating to this Court's jurisdiction. Defendants have asserted that this Court lacks jurisdiction and that the federal government is "defaulted" and therefore lacks any authority over the defendants or the proceedings in this case. Given the defendants' previous filings and assertions, the United States expects the defendants to advance these theories before the jury at trial. However, any evidence suggesting this Court lacks jurisdiction is irrelevant, confusing and misleading. Moreover, it is wrong. *See* 18 U.S.C. § 3231; *United States v. Pryor*, 842 F.3d 441 (6th Cir. 2016); (Doc. 62, Report and Recommendation, pg. 8-10; Doc. 69, Memorandum and Order Accepting R&R, pg. 5.) Accordingly, such testimony and evidence should be excluded pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence.

## PROCEDURAL HISTORY

On July 18, 2017, a Grand Jury sitting in the Eastern District of Tennessee returned an Indictment charging Beane with five counts of wire fraud in violation of 18 U.S.C. § 1343 and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h); Tucci-

Jarraf was charged with conspiring with Beane to launder money, in violation of 18 U.S.C. § 1956(h). (Doc. 3, Indictment.) The Court held Beane's initial appearance on July 27, 2017. (Doc. 9, Minute Entry for Initial Appearance) Beane was detained pending trial. (Doc. 13, Order of Detention.)

On July 26, 2017, Tucci-Jarraf was arrested in Washington, D.C. (*United States v. Tucci-Jarraf*, Case No. 17-531, (D. D.C. August 2, 2017).) At Tucci-Jarraf's preliminary hearing in that district, she requested an identity hearing. (*See id.*) In connection with that hearing, Tucci-Jarraf submitted over 150 pages of Uniform Commercial Code ("UCC") financing statements and documents purporting to be from "The One People's Public Trust." (Case No. 17-531, R. 2, Identity Hearing Materials.) The court there found that the defendant, Heather Ann Tucci-Jarraf that was before the court is the named Heather Ann Tucci-Jarraf in the Indictment. Tucci-Jarraf was then brought to the Eastern District of Tennessee. (*See id*, R. 3, Commitment to Eastern District of Tennessee.)

On August 29, 2017, the Court held hearings for each of the defendants regarding Tucci-Jarraf's detention and Beane's representation. (Docs. 34-36.) At each of the defendant's hearings, the defendants objected to the Court's jurisdiction. (*See id.*) Tucci-Jarraf and Beane are representing themselves in this action and have stand-by counsel appointed. (*See* Doc. 37, Order Appointing Elbow Counsel for Tucci-Jarraf; Doc. 41, Order Appointing Elbow Counsel for Beane.) Tucci-Jarraf filed the instant Motion to Dismiss on September 29, 2017, which Beane joined. (Doc. 43, Motion to Dismiss; Doc. 44, Motion to Adopt.)

After a hearing on the defendants' Motion to Dismiss (entitled Praecipe Declaration of Facts), the Court rejected the defendants' arguments regarding the Court's jurisdiction to preside

*Duly rejected, without dishonor, for due cause.*
*1-11-18*
*Heather Ann Tucci-Jarraf*

2

Case 3:17-cr-00082-TAV-CCS Document 78 Filed 01/05/18 Page 2 of 5 PageID #: 3042
Case 3:17-cr-00082-TAV-DCP Document 81 Filed 01/11/18 Page 2 of 7 PageID #: 3059

over the criminal case and denied the defendants' motion. Doc. 62, Report and Recommendation, pg. 8-10; Doc. 69, Memorandum and Order Accepting R & R, pg. 5.)

## ARGUMENT

The United States seeks to exclude evidence and argument not relevant to a material fact. Specifically, the United States moves this Court to preclude the defendants from presenting any evidence or argument challenging the Court's jurisdiction over this matter, including evidence in support of a claim that the government is defaulted according to the Uniform Commercial Code (UCC).

Federal Rules of Evidence 401, 402, and 403 govern the standards of relevance and its admission. Rule 401 defines relevant evidence as evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evidence proffered by a criminal defendant that is not relevant to a valid defense, or that has no bearing on a fact at issue, but could "well cause the jury to be influenced by sympathies having no bearing on the merits of the case" is subject to exclusion under the rules of Evidence. *United States v. Paccione*, 949 F.2d 1183, 1201 (2nd Cir. 1991); *see United States v. Martinez-Morel*, 118 F.3d 710, 714-15 (10th Cir. 1997). Federal Rule of Evidence 402 makes it clear that "irrelevant evidence is not admissible."

Rule 403 of the Federal Rules of Evidence limits the admission of relevant evidence where the probative value of such evidence "is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

*[Handwritten annotation:]* Duly rejected, without dishonor, for due cause. 1-11-18 Heather A. Tuny [signature]

3

Defendants should be precluded from presenting any evidence to the jury challenging the Court's jurisdiction over this case. The Court's jurisdiction, which has been determined, is not relevant to the determination of any material fact in this criminal case. Defendants presented their arguments regarding jurisdiction to this Court in both written filings and at a hearing on the motion. (*See* Doc. 43, Praecipe and Declaration of Facts; Doc. 62, Report and Recommendation.) Indeed, the defendants proffered "in excess of 725 pages" of filings that mainly consisted of UCC Financing Statements. (*See* Doc. 62, Report and Recommendation, pg. 8; Doc. 19, Cancellation of True Bill; Doc. 43, Motion to Dismiss, Defendant Exhibits A and B.) This Court noted that the lengthy UCC filings "are largely devoid of intelligible argument" and "have no relevance whatsoever in this criminal case." (Doc. 62, Report and Recommendation, pg. 8, 11.) This Court soundly rejected the defendants' jurisdictional arguments. (*Id.* at pg. 8-10; Doc. 69, Memorandum and Order Accepting R & R, pg. 5.) Thus, any evidence or testimony before the jury on the jurisdictional issue, including the purported UCC financing statements, should be excluded because such evidence lacks relevance, pursuant to Federal Rules of Evidence 401 and 402.

Even if the Court were to deem evidence relating to the Court's jurisdiction as relevant, such evidence is misleading, confusing and could result in undue delay and thus should be excluded pursuant to Federal Rule of Evidence 403. The UCC financing statements, offered to support the defendants' jurisdictional arguments, are lengthy and confusing. (*See generally*, Doc. 19, Cancellation of True Bill, pgs. 8-245.) The documents primarily contain improperly used legal jargon with no intelligible purpose. Accordingly, such evidence should be excluded pursuant to Federal Rule of Evidence 403.

*July rejected, without dishonor, for due cause.*
*1-11-18*
*Heather Ann Tucci-[signature]*

4

J. DOUGLAS OVERBEY
United States Attorney

By: *s/ Anne-Marie Svolto*
ANNE-MARIE SVOLTO
CYNTHIA F. DAVIDSON
Assistant United States Attorneys
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 545-4167

**CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

*s/Anne-Marie Svolto*
ANNE-MARIE SVOLTO
Assistant United States Attorney

*[handwritten:] Ruling rejected, without dishonor, for due cause. 1-11-18 [signature] Heather Ann Tucci-Jarraf*

U.S. Department of Justice
United States Attorneys Office
Eastern District of Tennessee
800 Market Street
Suite 211
Knoxville, Tennessee 37902-2312

Official Business

HEATHER ANN TUCCI-JARRAF
105 ORCHARD LN
OAK RIDGE TN 37830

rec'd 1-9-18

U.S. OFFICIAL MAIL US POSTAGE
PENALTY FOR PRIVATE USE $300
FP $00.46°
1ST CLASS RTL
Mailed From 37902
01/05/2018
031A 0003230252

## Certificate of Service

I certify that on January 11, 2018, this original instrument, DUE REJECTION WITHOUT DISHONOR FOR DUE CAUSE, was duly issued and caused to be delivered by personal service to the alleged Clerk of Court. Notice of this filing is purportedly sent by operation of the alleged Court's electronic filing system to all alleged parties indicated on the electronic filing receipt. Alleged parties purportedly may access this filing through the alleged Court's electronic filing system. With further due notice and certification made and given that I am not responsible, accountable, or liable for any actions, no-actions, and inability of the alleged Clerk of Court, her alleged deputies, and alleged office, and the electronic filing system they access, utilize, manage, and whether it is in a timely manner. As a result, alternative electronic service to all alleged parties may be made via email delivery.

Original