# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.:   3:17-CR-82 |
| | ) | **Judges Varlan/Shirley** |
| **RANDALL KEITH BEANE, and** | ) | |
| **HEATHER ANN TUCCI-JARRAF** | ) | |

## <u>UNITED STATES'S REQUESTED JURY INSTRUCTIONS</u>

The United States of America, by and through the United States Attorney for the Eastern

District of Tennessee, submits the following proposed jury instructions for the trial of this case.

The United States requests that this instruction be given, along with the Court's standard jury

charge.

Respectfully submitted,

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

By:     <u>s/ Cynthia F. Davidson</u>
Cynthia F. Davidson
Anne-Marie Svolto
Assistant United States Attorneys
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 545-4167

1

## United States's Request to Charge No. 1

### EVIDENCE DEFINED

1) You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decisions in any way.

2) The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; [and the facts that I have judicially noticed].

3) Nothing else is evidence. The lawyers or the defendants acting as his or her own lawyer statements and arguments are not evidence. The lawyers [and the defendants except when he or she was on the witness stand] are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers and the defendant have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

4) During the trial I did not let you hear the answers to some of the questions that the lawyers or the defendants acting as his or her own lawyer asked. I also ruled that you could not see some of the exhibits that the lawyers or the defendants acting as his or her own lawyer wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness

2

might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

5) Make your decision based only on the evidence as I have defined it here, and nothing else.

**Authority/Source:** 1:04 Pattern Jury Instructions, Criminal Cases, Sixth Circuit 2017)(modified to address a *pro se* defendants).

<u>**United States's Request to Charge No. 2**</u>

<u>**Counts 1-5**</u>
<u>**Wire Fraud**</u>

1) Counts One through Five of the Indictment charge Defendant Randall Keith Beane with wire fraud. For you to find Defendant Randall Keith Beane guilty of wire fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

    a. First, that Defendant Randall Keith Beane devised and intended to devise a scheme to defraud in order to obtain money.

      i. That is, with respect to Counts One and Three, he did cause funds he did not own to be transferred via wire to purchase Certificates of Deposits.

      ii. With respect to Counts Two and Four, he did cause those Certificates of Deposits to be closed and the funds to be transferred via wire to one of his personal accounts at USAA Bank.

      iii. With respect to Count Five, he did cause the sum of $493,110.68 to be transferred via wire from one of his personal accounts at USAA Bank to Whitney Bank for the purchase of a motorhome.

3

b.      Second, that the Scheme included a material misrepresentation or concealment of a material fact;

c.      Third, that Defendant Randall Keith Beane had the intent to defraud; and

d.      Fourth, that Defendant Randall Keith Beane used or caused others to use wire communications in interstate commerce in furtherance of the scheme.

2) Now I will give you more detailed instructions on some of these terms.

a.      A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

b.      The term "false or fraudulent pretenses, representations or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

c.      An act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or some other innocent reason.   The government can a meet its burden of showing that the defendant had knowledge of the falsity of the statements if it establishes beyond a reasonable doubt that he acted with deliberate disregard of whether the statements were true or false, or with a conscious purpose to avoid learning the truth. If the government establishes that the defendant acted with deliberate disregard for the truth, the knowledge requirement would be satisfied unless the defendant actually believed the

4

statements to be true. This guilty knowledge, however, cannot be established by demonstrating that the defendant was merely negligent or foolish.[1]

   d.     A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

   e.     To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself.

   f.     To "cause" wire, radio or television communications to be used is to do an act with knowledge that the use of the communications will follow in the ordinary course of business or where such use can reasonably be foreseen.

   g.     The term "interstate commerce" includes wire, radio or television communications which crossed a state line.

3) It is not necessary that the government prove all of the details alleged concerning the precise nature and purpose of the scheme or that the material transmitted by wire, radio or television communications was itself false or fraudulent or that the alleged scheme actually succeeded in defrauding anyone or that the use of the wire, radio or television communications was intended as the specific or exclusive means of accomplishing the alleged fraud or that someone relied on the misrepresentation or false statement or that the defendant obtained money or property for his own benefit.

4) If you are convinced that the government has proved all of the elements as to the charge you are considering, say so by returning a guilty verdict on that charge. If you have a

---

[1] Adapted from 2.09 Pattern Jury Instructions, Criminal Cases, Sixth Circuit (2017).

reasonable doubt about any one of the elements as to the charge you are considering, then

you must find the defendant not guilty of that charge.

**Authority/Source:** 10.02 and 2.09 Pattern Jury Instructions, Criminal Cases, Sixth Circuit (2017).

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 16, 2018, a copy of the foregoing *United States's Requested Jury Instructions* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

<u>*s/ Cynthia F. Davidson*</u>
Cynthia F. Davidson
Assistant United States Attorney