UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3:17-CR-82 |
| | ) | Judges Varlan/Shirley |
| RANDALL KEITH BEANE, and | ) | |
| HEATHER ANN TUCCI-JARRAF | ) | |
| | ) | |

## UNITED STATES OF AMERICA'S MOTION TO AMEND INDICTMENT TO CORRECT CLERICAL ERROR

Comes now the United States of America by and through J. Douglas Overbey, United States Attorney for the Eastern District of Tennessee, and respectfully moves this Court to amend the Indictment, (Doc. 3), pursuant to Rule 7(e) of the Federal Rules of Criminal Procedure, to correct the statutory citation in paragraph 19, subsection (a) in Count Seven. The citation at the end of paragraph 19 (a) on page 6 of the Indictment currently reads "Title 18, United States Code, Section 1956(a)(1)(B)(i)." The citation should be amended to read thusly: "Title 18, United States Code, Section 1956(a)(1)(A)(i)." In support of its motion to amend the Indictment, the United States would show that the incorrect citation was a typographical error that the United States just discovered. However, because Paragraph 19 subsection (a) tracks the proper language of the citation, the defendants are on notice to the substantive charge against them. Therefore, the United States moves to amend the form of the Indictment to reflect the correct statutory citation.

Ordinarily, an indictment may be amended only by subsequent action of the grand jury. *Stirone v. United States*, 361 U.S. 212, 215-16 (1960). However, the general rule requiring re-presentment to the grand jury protects the rights of a defendant against a material change in the

substance of the charge, not the form.  Thus, amendments to an indictment are permitted when the change concerns matters of form rather than substance.  *Russell v. United States*, 369 U.S. 749, 770 (1962); *Watson v. Jago*, 558 F.2d 330, 333 (6th Cir. 1977); *United States v. Hall*, 536 F.2d 313, 319 (10th Cir. 1976), *cert. denied*, 429 U.S. 919; *United States v. Fruchtman*, 421 F.2d 1019, 1021 (6th Cir. 1970), *cert. denied*, 400 U.S. 849 (1970).  In an indictment, the defendant's name is a matter of form and not of substance; thus, an indictment may be amended to reflect the true name of the individual charged.  *See United States v. Owens*, 334 F. Supp. 1030 (D. Minn. 1971); *United States v. Campbell*, 235 F. Supp. 94 (E.D. Tenn. 1964).

The indictment may be amended where the change will not amend the charges against the defendant.  The indictment must fairly apprise the defendants of the charges against them.  *United States v. Willoughby*, 144 F. Supp. 3d 935, 940 (N.D. Ohio 2015).

Here the change is a matter of form rather than substance, and the indictment unquestionably apprised the defendants of the charges against them.  The defendants have been put on notice of the United States's intent to prosecute the defendants for money laundering conspiracy pursuant to 18 U.S.C. § 1956(a)(1)(A)(i) because the United States put the substance of the statute and citation in the written language of the Paragraph 19 subsection (a).  Further, Paragraph 19 cites the defendants to all of 18 U.S.C. § 1956 without reference to any subsection of the statute.

WHEREFORE, the United States moves for an amendment to the Indictment to reflect the correct statutory citation in Count Seven, Paragraph 19, subsection (a).

Respectfully submitted,

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

BY: *s/Cynthia F. Davidson*
Cynthia F. Davidson
Anne-Marie Svolto
Assistant United States Attorneys
1110 Market Street, Suite 515
Chattanooga, TN 37402
(423) 752-5140

CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

*s/Cynthia F. Davidson*
CYNTHIA F. DAVIDSON
Assistant United States Attorney