*Notice to Principal is Notice to Agent, Notice to Agent is Notice to Principal*
oral ruling, and documents 106 and 103, duly rejected, without dishonor, (Original Instrument)
for due cause, as stated orally and in Documents 101 and 102,
restated and incorporated by reference as if set forth in full,
specially: Lack of due verification and validation of Presenter's
due: 1. identification; 2. authority; 3. authorization; and, 4. indorsement.
Further, due cause, as stated
in "DECLARATION OF EVIDENCE
OF DISHONOR...", with date of February 14, 2018, restated and incorporated by
reference, UNITED STATES OF AMERICA,
as if set forth in full.
February 14, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA,  )
)
Plaintiff,  )
)
v.  )          No.:   3:17-CR-82-TAV-CCS
)
)
RANDALL KEITH BEANE and  )
HEATHER ANN TUCCI-JARRAF,  )
)
Defendants.  )

MAXIM: Nothing can be borne from fraud.
2-14-18

## ORDER

This Order is to reflect the Court's oral ruling on the government's Motion to Amend Indictment to Correct Clerical Error [Doc. 97] during the first day of trial, January 23, 2018. The government moved to amend the indictment [Doc. 3] to correct a typographical error in a statutory citation for Count Seven, conspiracy to commit money laundering. Neither defendant filed a written response, but the Court asked the defendants to address the government's motion in open court the day after the motion was filed. The Court then issued an oral ruling granting the motion [Doc. 103]. The Court now provides this Order to further elaborate on its ruling.

### I.    Background

The indictment in this case contains seven counts [Doc. 3]. Counts One through Five charge defendant Randall Keith Beane with wire fraud, in violation of 18 U.S.C. § 1343 [Id. ¶¶ 1–15]. Count Six charges defendant Beane with bank fraud, in violation

of 18 U.S.C. § 9344 [Id. ¶¶ 16–17]. Finally, Count Seven charges both defendant Beane
Duly rejected, without dishonor, for
due cause, restated, 2-14-18

ATTEST: A true copy
Certified this 2/7/18
Debra C. Poplin, Clerk
by_____Dep. Clerk

Notice: Documents 74 and 55, in full effect
and subject to additional redressing,
preserved since 10-18-17, 2-14-18

and defendant Heather Ann Tucci-Jarraf with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) [*Id.* ¶¶ 18–19]. Specifically, Count Seven alleges that the defendants entered into a conspiracy with each other and others to commit three separate forms of money laundering under federal law [*Id.* ¶ 19]. Both defendants entered pleas of not guilty to all charged offenses [Docs. 9, 26]. Furthermore, the defendants have chosen to represent themselves in this prosecution, though standby counsel have been appointed to assist them [Docs. 37, 41].

The day before the jury trial was scheduled to begin, the government filed the instant motion to correct a clerical or typographical error in the indictment [Doc. 97]. The government notes that subparagraph 19(a) of the indictment cites "Title 18, United States Code, Section 1956(a)(1)(B)(i)" as the basis for the first object offense of the conspiracy charged in Count Seven. The description of the object offense in subparagraph 19(a), however, better corresponds to the form of money laundering prohibited by 18 U.S.C. § 1956(a)(1)(A)(i). By comparison, subparagraph 19(b), which identifies the second alleged object offense, both corresponds to and correctly cites § 1956(a)(1)(B)(i).[1] The Sixth Circuit Court of Appeals has interpreted §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i) as "alternative bases for a money laundering conviction" under § 1956(a)(1), which generally criminalizes money laundering in a domestic financial transaction. *United States v.*

---

[1] By contrast, the third alleged object offense—contained in subparagraph 19(c)—consists of an entirely different federal money laundering crime, codified at 18 U.S.C. § 1957.

*Duly rejected, without ̶d̶i̶s̶h̶o̶n̶o̶r̶ for due cause, restated.*
*2-14-18*
*Heather Tucci-Jarraf*

*Westine*, 21 F.3d 429, 1994 WL 88831, at *2 (6th Cir. Mar. 17, 1994) (table opinion). In other words, they are alternative theories of the same federal crime.

The government thus asserts that subparagraph 19(a) should have cited instead to § 1956(a)(1)(A)(i), such that subparagraphs 19(a) and 19(b) would charge both theories of money laundering in a domestic financial transaction, respectively. The government avers that it did not discover this error until the day before trial. Accordingly, the defendants did not have time to file written responses to the government's motion before the trial began. The Court thus asked the defendants whether they wished to respond to this motion on the morning of trial, before jury selection began. The defendants objected that they had not had sufficient time to review the government's motion, but the Court reminded them that, having elected to proceed *pro se*, they were to be held to the same standards for preparation as attorneys practicing before this Court.

Defendant Beane offered no further response to the government's motion to amend. Defendant Tucci-Jarraf did not respond to the merits of this motion, but rather reiterated her belief that this Court—and the federal government as a whole—lack any jurisdiction or authority over her. Later that day, defendant Tucci-Jarraf filed two documents purporting to void the indictment in this case [Docs. 101–02], as she has done before. Both this Court and United States Magistrate Judge C. Clifford Shirley, Jr., have repeatedly rejected similar arguments from the defendants [*See* Docs. 62, 69, 90, 100]. Having heard argument by the parties, the Court found that the government's motion to amend was well-taken, as explained in more detail below. The Court thus issued an oral

*Duly rejected, without dishonor, for due cause, restated.*

3

2-14-18

Case 3:17-cr-00082-TAV-CCS   Document 106   Filed 01/25/18   Page 3 of 7   PageID #: 3278
Case 3:17-cr-00082-TAV-DCP   Document 131   Filed 02/14/18   Page 3 of 9   PageID #: 15444

ruling granting the government's motion and amending the indictment to correct the typographical error in subparagraph 19(a) [Doc. 103].

## II. Analysis

Federal Rule of Criminal Procedure 7(c)(2) provides that, "[u]nless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction." This is in keeping with the longstanding principle that "[t]he fact that an indictment contains a miscitation of a statute is not grounds for dismissing the indictment unless the defendant is misled thereby." *United States v. Garner*, 529 F.2d 962, 966 (6th Cir. 1976) (citing *United States v. Hutcheson*, 312 U.S. 219, 229 (1941)); *see also United States v. Stone*, 954 F.2d 1187, 1191–92 (6th Cir. 1992) ("[E]ven an erroneous statutory citation in an indictment does not thereby render the ensuing conviction under the correct statute invalid absent a showing of prejudice . . . ."). Indeed, "the recitation of specific facts contained within the indictment, alone, is sufficient to adequately inform the defendant[] of the nature of the charges." *Garner*, 529 F.2d at 966. Thus, absent proof that "the defendant was disadvantaged or that he would have altered his defense in a way which would have affected the outcome," a statutory miscitation will not prejudice the defendant so as to bar amendment. *United States v. Hoobler*, 585 F.2d 176, 181 (6th Cir. 1978).

Furthermore, "after an indictment has been returned[,] its charges may not be broadened through amendment except by the grand jury itself." *Stirone v. United States*, 361 U.S. 212, 215–16 (1960). But the trial court holds authority to permit amendment of

*Duly rejected, without dishonor for due cause, restated.*

2/14-18

the indictment—without resubmission to the grand jury—where the change concerns a matter of form, not substance. *Russell v. United States*, 369 U.S. 749, 770 (1962); *accord Watson v. Jago*, 558 F.2d 330, 339 (6th Cir. 1977) (recognizing that the rule in "*Stirone* do[es] not prevent federal courts from changing an indictment as to matters of form or surplusage"). Thus, amendment to correct a missing or incorrect statutory citation is permissible unless the defendant can show "that he was misled or prejudiced by reason of the amendment." *United States v. Fruchtman*, 421 F.2d 1019, 1021 (6th Cir. 1970) (finding that an amendment at the time of trial to correct an incorrect citation was "a non-prejudicial change of form and was properly permitted to be made," where the original language accurately stated the elements of the intended charge).

Here, the Court finds it proper to amend subparagraph 19(a) to replace the reference to § 1956(a)(1)(B)(i) with a reference to § 1956(a)(1)(A)(i). The error at issue consists of a substitution of one letter in a statutory citation. Under Rule 7(c)(2), such an error is not a ground to dismiss the indictment—or, in particular, Count Seven—absent a showing of prejudice to the defendants. Furthermore, as the government notes in its motion, subparagraph 19(a) otherwise adequately reflects the statutory language of § 1956(a)(1). "[A]s long as the indictment, by fair implication, alleges an offense recognized by the law," it is sufficient to provide the defendants with fair notice of the charges against them. *United States v. Joseph*, 781 F.2d 549, 554 (6th Cir. 1986). Thus, because "the recitation of specific facts contained within the indictment" corresponds with the form of money

*Duly rejected, without dishonor, for due cause, restated.*

5

laundering identified in § 1956(a)(1)(A)(i), the indictment "adequately inform[s] the defendants of the nature of the charge[]." *Garner*, 529 F.2d at 966.

Consequently, the amendment the government has requested concerns an issue of form, not substance, for which amendment without resubmission to the grand jury is permissible. *See Russell*, 369 U.S. at 770; *Fruchtman*, 421 F.2d at 1021. The Court further finds no evidence that the typographical error in subparagraph 19(a) has prejudiced the defendants in any way. Nor will amendment to correct this error prejudice the defendants at trial. As discussed above, neither defendant has offered any evidence or argument regarding prejudice. And, as a general principle, no prejudice results from an erroneous statutory citation where the language of the indictment corresponds with the intended substantive offense. *Hoobler*, 585 F.2d at 181. Moreover, the cited provision and the proper provision are part of the same federal statute—indeed, are immediately next to each other—so a reader comparing the indictment with the statute would not likely be misled by the error. Finally, the first portion of paragraph 19 alleges that the defendants conspired to commit three separate violations of "Title 18, United States Code, Sections 1956 and 1957," thus informing the defendants of the applicability of § 1956 as a whole.

As such, the Court finds that the government's requested amendment concerns a matter of form, not substance, and that the defendants will suffer no prejudice resulting from such an amendment.

*Duly rejected, without dishonor, for due cause, restated.*

6

## III. Conclusion

Accordingly, the Court granted [Doc. 103] the government's Motion to Amend Indictment to Correct Clerical Error [Doc. 97]. The Court ordered that subparagraph 19(a) on page 6 of the indictment be amended to reference "Title 18, United States Code, Section 1956(a)(1)(A)(i)," rather than "Title 18, United States Code, Section 1956(a)(1)(B)(i)." At the close of trial, the Court will instruct the jury on the applicable law in accordance with this amendment to the indictment.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

*[handwritten] Duly rejected, without dishonor, for due cause, restated.*
*2-14-18*

7

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### KNOXVILLE

Case #: 3:17-CR-82                  Date: January 23, 2018

United States of America    vs.    Randall Beane and Heather Tucci-Jarraf

**PROCEEDINGS: Jury Trial, Day 1. Government's Motion doc. 97 to Amend Indictment is granted.**

---

HONORABLE THOMAS A. VARLAN, CHIEF UNITED STATES DISTRICT JUDGE

---

Julie Norwood             Rebekah Lockwood        Cynthia Davidson/Ann Marie Svolto
**Deputy Clerk**            **Court Reporter**           **Asst. U.S. Attorney**

Francis Lloyd
**Elbow Counsel for pro se Defendant Tucci-Jarraf**

Steven McGrath
**Elbow Counsel for pro se for pro se Defendant Beane**

| | |
|---|---|
| X | The jury impaneled and sworn is as follows: |

       47 Jurors present     14 Jurors seated      29 Jurors challenged     4 Not used

X        Rule requested        ☐        Rule not requested

X        Witnesses sworn   X       Exhibits admitted

X        Introduction of evidence for government   begun

X        Case continued to Wednesday, January 23, 2018 at 9:00 for further trial

9:00 to 12:05
1:30 to

*Duly rejected, without dishonor, for due cause, restated.* [handwritten]

## Certificate of Service

I certify that on February 14, 2018, a true, accurate, and complete scan of the foregoing original was made and caused to be electronically filed. Notice of this filing will be sent by operation of the alleged Court's electronic filing system to all alleged parties indicated on the electronic filing receipt. Alleged parties may access this filing through said electronic system.

February 14, 2018.

~Heather Ann Tucci-Jarraf~

Original, Heather Ann Tucci-Jarraf