NOTICE TO PRINCIPAL IS NOTICE TO AGENT
NOTICE TO AGENT IS NOTICE TO PRINCIPAL

*Original Instrument* Document 108*
Duly rejected, without dishonor, for due cause.
Lacks due verification and validation of Presenter's
due: 1. Identification; 2. authority; 3. authorization; and,
4. indorsement. Also, for due cause, as stated orally on the record 1-23-18, and in Documents 101 and 102, restated and incorporated by reference here, as if set forth in full. Further, due cause as stated in "DECLARATION OF EVIDENCE OF DISHONOR..."; with date of February 14, 2018, restated and incorporated here by reference, as if set forth in full.
2-14-18

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:17-CR-82-TAV-CCS |
| RANDALL KEITH BEANE and | ) |
| HEATHER ANN TUCCI-JARRAF, | ) |
| Defendants. | ) |

## ORDER

This criminal case is before the Court on defendant Heather Ann Tucci-Jarraf's *ex parte* application for issuance of subpoenas for nine witnesses to testify in her defense [Doc. 107]. The named individuals are as follows: Secretary of the Treasury Steve Mnuchin; United States Attorney General Jeff Sessions; FBI Special Agent Brad Carpenter; FBI Special Agent Mitchell Thompson; FBI Special Agent Parker Still; FBI Special Agent James Doran; Officer Jaron Patterson; Eastern District of Tennessee Clerk of Court Debra Poplin; and United States Magistrate Judge C. Clifford Shirley, Jr. Defendant Tucci-Jarraf has requested that, pursuant to Federal Rule of Criminal Procedure 17(b), she be excused from paying the process costs and witness fees for these subpoenas based on her inability to pay. The defendant notes that she has been appointed standby counsel in this case based on her inability to pay for a lawyer's services.

The Sixth Circuit Court of Appeals has noted that "the right of an indigent criminal defendant to subpoena witnesses rests not only on Rule 17(b), but also on the Sixth

MAXIM: Nothing comes born from fraud.

*Notice: Documents 74 and 55 in full effect and subject to additional charges incurred since 10-18-17.

*Notice: Documents 74 and 55 in full effect and subject to additional charges incurred since 10-18-17, 9:00 a.m. U.S. East.

Duly rejected, without dishonor, for due cause, restated.
2-14-18

Amendment right to compulsory process, and on the Fifth Amendment right not to be subjected to disabilities by the criminal justice system because of financial status." *United States v. Moore*, 917 F.2d 215, 230 (6th Cir. 1990) (citation omitted). However, an indigent defendant "is not automatically entitled to a Rule 17(b) subpoena." *United States v. Reaves*, 194 F.3d 1315, 1999 WL 824833, at *3 (6th Cir. Oct. 5, 1999) (table opinion). Rule 17(b) permits courts to grant such relief only if the defendant shows both her inability to pay and "the necessity of the witness's presence for an adequate defense."

The "necessity" prong of Rule 17(b) requires the defendant to make a "preliminary showing" that a particular witness's testimony would be "relevant, material and useful to an adequate defense." *Moore*, 917 F.2d at 230. This showing must be "sufficiently specific" to convince the court that the witness's testimony is necessary to an adequate defense; generalized or conclusory allegations will not suffice. *Reaves*, 1999 WL 824833, at *3 (citing *United States v. Barker*, 553 F.2d 1013, 1020–21 (6th Cir. 1977)). If the defendant makes a preliminary showing of relevance, the requested subpoena must issue "unless the averments are inherently incredible on their face, or unless the [g]overnment shows, either by introducing evidence or from matters already of record, that the averments are untrue or that the request is otherwise frivolous." *Barker*, 553 F.2d at 1020 (quoting *Greenwell v. United States*, 317 F.2d 108, 110 (D.C. Cir. 1963)).

Here, after carefully considering the matter, the Court will deny defendant Tucci-Jarraf's application. Based on Magistrate Judge Shirley's previous order appointing this defendant standby counsel under the Criminal Justice Act, 18 U.S.C. § 3006A [Doc. 37

*Duly rejected without dishonor, for due cause, restated. 2-14-18* [handwritten annotation with signature and thumbprint]

pp. 1–4], the Court is satisfied that defendant Tucci-Jarraf is unable to pay process costs and witness fees. But that is not enough. Defendant Tucci-Jarraf's application fails to make any showing whatsoever as to the necessity of the testimony of these nine witnesses for her defense. Indeed, her application merely lists the name, employer, and residence of each witness, without further elaboration. Thus, the Court finds that defendant Tucci-Jarraf has failed to make a "preliminary showing" that the witnesses' testimony would be "relevant, material and useful to an adequate defense." *Moore*, 917 F.2d at 230. Absent that, defendant Tucci-Jarraf is not entitled to relief under Rule 17(b).

Accordingly, for the reasons explained above, defendant Tucci-Jarraf's *ex parte* application for issuance of subpoenas [Doc. 107] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

*[Handwritten annotation:]* Duly rejected, without dishonor, for due cause, restated.
2-14-18
*[Signature: Heather Ann Tucci-Jarraf, with red thumbprint]*

3.

## Certificate of Service

I certify that on February 14, 2018, a true, accurate, and complete scan of the foregoing original was made and caused to be electronically filed. Notice of this filing will be sent by operation of the alleged Court's electronic filing system to all alleged parties indicated on the electronic filing receipt. Alleged parties may access this filing through said electronic system.

February 14, 2018.

*[signature with red thumbprint]*

Original, Heather Ann Tucci-Jarraf